UNITED STATES of America,
Plaintiff,

v.

James Shawn JOHNS, Defendant.

Crim. A. No. 11063.

United States District Court,
E. D. Kentucky,
Catlettsburg Division.

Nov. 26, 1973.

Eugene E. Siler, Jr., U. S. Atty., Eldon L. Webb, Asst. U. S. Atty., Lexington, Ky., for plaintiff.

Kelley R. Asbury, Catlettsburg, Ky., for defendant.

MEMORANDUM OPINION

HERMANSDORFER, District Judge.

The defendant, James Shawn Johns, is charged with violation of the provisions of the Universal Military Training and Service Act, 50 U.S.C. Appendix § 462 for an alleged failure to comply with an Order of Local Board 2, Cabell County, Huntington, West Virginia, to report for induction in that he refused to submit for induction into the armed forces of the United States. Upon the motion of the defendant and after execution of a waiver, this matter was tried before the Court on November 12, 1973, without intervention of a jury.

James Shawn Johns was born on May 30, 1950 and is a single, white male. He registered with Local Board 2, Cabell County, West Virginia at Huntington, West Virginia on June 10, 1968. The alleged refusal to submit to induction occurred at Ashland, Boyd County, Kentucky, which is in the Eastern District of Kentucky. 28 U.S.C. § 97(a). Venue is found to be in the Eastern District of Kentucky pursuant to the Supreme Court's holding in United States v. Anderson, 328 U.S. 699, 704, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946), that:

" . . . venue is properly laid in the judicial district where the act of

refusal occurred, rather than in the district where the draft board which issued the order is located."

James Shawn Johns was first classified 1–A on August 6, 1968. He was reclassified 2–S on October 9, 1968. However, that classification was allowed to expire on October 1, 1969, giving rise to a 1–A classification, a status which has subsequently never been changed. Mr. Johns was ordered on December 10, 1969 to report for physical examination on January 2, 1970. However, he was unable to report due to hospitalization. A subsequent order was issued on January 14, 1970 directing him to report on February 19, 1970 for his physical examination after which he was found to be fit for military service. This finding was never officially challenged by the defendant. On April 15, 1970 the defendant was ordered to report for induction on May 4, 1970. Mr. Johns did in fact report as ordered but eloped from the premises prior to the completion of his processing. The defendant at that time was placed upon the "delinquency list". Another order to report for induction was mailed to Mr. Johns on May 5, 1972 directing him to report for induction on May 22, 1972. The registered letter containing the order was returned as the addressee had moved and left no forwarding address. The defendant reported to the local board office on June 23, 1972 and agreed to induction on June 27, 1972 so as to avoid prosecution. The defendant appeared at the Armed Forces Examining and Entrance Station at Ashland, Kentucky on June 27, 1972 and completed a general inquiry and medical processing. The defendant was given the routine orientation for induction. He was taken to the ceremonial room where the traditional induction ceremony was performed in which, as the inductee's name is called, he takes one step forward signifying induction into the armed forces. When the defendant's name was called, he refused to take the step forward. The station's acting commander, Capt. Juan Velasquez, III, in the presence of the station testing officer,

2Lt. William L. Bolton, privately consulted with the defendant and advised him of the possible ramifications of his refusing induction. The defendant indicated that he had no questions about the induction procedures or requirements. Thereupon, the defendant was taken back to the ceremonial room and the ceremony was again performed. When his name was called, James Shawn Johns refused to step forward. In the presence of Capt. Velasquez and 2Lt. Bolton, the defendant signed two documents, one of which acknowledged the consequences of a refusal to be inducted and the other which acknowledged the fact that he had refused induction. The defendant, however, did not state any reason for his failure to submit to induction.

The burden on the United States in this instance is to establish to the exclusion of a reasonable doubt three (3) essential elements:

(1) The validity of the initial order to report for induction;

(2) The notice of the defendant to report for induction at a specified time; and,

(3) The wilfullness of the defendant's refusal to submit to induction.

## I. VALIDITY OF ORDER

The validity of the order to report for induction must first comprehend the validity of the initial order to report. The 1970 Random Selection Sequence reveals that all registrants with the same date of birth as Johns received the number of 103 in order of call. Mrs. Erma Lee Long, Executive Secretary of Local Board 2, testified that the call for May, 1970 was for numbers through 145. No evidence to the contrary was introduced except that it was brought out on cross-examination that the defendant had noted a history of a left shoulder separation. However, included in the defendant's medical records is a consultation report rendered by a Dr. J. E. Moore dated June 27, 1972. That report indicates Johns' shoulder condition caused no restriction of movement, presented no

evidence of tenderness, and did not prevent satisfactory rotation. Dr. Moore considered the defendant's left shoulder to be normal. He was found physically qualified for induction at that time as well as when he received his previous physical examination on February 19, 1970. The evidence establishes conclusively that the defendant was properly registered, found eligible for military service and ordered to report for induction. The record does not reflect any appeal having been made between February 19, 1970 and May 4, 1970 which would have cancelled the effectiveness of the initial order to report. 32 C.F.R. 1626.41.

The defendant, James Shawn Johns continued in a delinquency status and was subject to 32 C.F.R. 1631.7(1), which assigns priority induction status to delinquents. The September 26, 1970 amendment to this regulation does not alter the priority classification.

## II. NOTICE

There is no dispute raised about the defendant having actual notice to report for induction as to the first order issued on April 15, 1970 directing him to report on May 4, 1970 or about the defendant never having received the second registered letter advising him to report May 22, 1972. The record further indicates that the defendant did receive actual notice in person from Mrs. Long on June 23, 1972 and did, in fact, appear at the induction station in Ashland, Kentucky on that date. The element of notice was established beyond all doubt.

## III. SPECIFIC INTENT

 An alleged violation of 50 U.S.C. Appendix § 462, charges a crime of specific intent. There is no doubt that this defendant's failure to submit to induction was voluntary, purposeful and with the specific intent to disobey and disregard a law of the United States. After his first refusal to be inducted the defendant was privately advised of the consequences of his action and was given the opportunity to be inducted again.

He has acknowledged in writing that he knew the ramifications of his refusal. His action in refusing to be inducted can not be attributed to an accident, mistake, or other innocent reason. His failure to state his reasons for his refusal to be inducted may not properly serve as a basis for the inference of any fact in aid of the defendant.

The detailed factual history of Johns' conduct with respect to his obligations under the Universal Military Training and Service Act establishes beyond a reasonable doubt a calculated design to manipulate his circumstances for the purpose of avoiding his responsibility under the law.

Accordingly, the Court finds that the guilt of James Shawn Johns was established to the exclusion of a reasonable doubt on the charge of violating 50 U.S.C.App. § 462.

The Court finds that James Shawn Johns Guilty of refusing to submit to induction as required by law as so charged in the indictment.

The defendant will be sentenced on January 7, 1974, upon a judgment of conviction which will be entered forthwith.